Good morning, Your Honor. May it please the Court, my name is Jill Bowman and I'm here on behalf of the appellants in this case. The District Court committed legal error by ignoring the bright line rule that when class certification is denied, an action is stripped of its class action character and any applicable time bar starts either resumes running or can't, to the extent that they have any still existing claims at that time, have to file their own suits or move for leave to intervene in the pending action or take some action to protect their own rights. The District Court in this case denied plaintiffs' first class certification motion in June of 2011. After that date, the former putative class members, whose claims were not already extinguished, had to do something to protect their rights, but they didn't do anything. Not one of them did. None of them filed an individual lawsuit. None of them moved for leave to intervene. None filed a claim with the Kuwaiti Ministry of Social Affairs and Labor. It wasn't until two and a half years later that the District Court entered the class certification order that is now on appeal. Is that the plain effect of what Judge Kuhnhauer did was to say, I can't grant class certification now, but tell me what the Kuwaiti law is and how it applies to this and we'll revisit the issue. Your Honor, he actually said denied. He left the door open, but the door is always open for revisiting an issue of class certification because that's something that can be revisited at any time up until judgment. At that point, though, because he's proceeding down the path of Washington law, the class wasn't denied until June of 2011 in terms of when this contract supposedly terminated. May of 2010. May of 2010. It already a year had been up. That's correct. But people were proceeding down with the putative class at that point. So if I take your argument literally, game over at the time of... Well, Your Honor, it depends on if you apply American Pipe or not because the complaint was actually filed in April of 2010 before the GMAS contract ended in May of 2010. May of 2010 plus one year is May of 2011. Correct. And the class was... Denied in June of 2011. A month after. A month afterwards, right. Now, at that time that it was denied, had ITT argued that the Kuwaiti one-year statute applied? Yes, Your Honor. As a statute of limitations, correct? Not as a statute of repose, but as a statute of limitations. Right, as a statute of limitations. We did argue it, Your Honor. What happened in... Until you went to the Ninth Circuit, that statute of repose came onto the scene, correct? That's actually correct, Your Honor. Although, in my own defense, Your Honor, the Supreme Court in CTS v. Waldberger does point out that the term statute of limitations does sometimes encompass the term statute of repose. I know, but I don't think anybody had in mind... That it was a statute of repose. ...that you decided to go to the Ninth Circuit that it was a statute of repose. No, but Your Honor, even if you apply American Pipe, we're still in the same position here because even if you consider it told from the time the original complaint was filed until the denial, I mean, it can't be avoided that this was a denial, the court's order. I mean, he may have believed he was leaving the door open, but it was a denial. That's the way it's reported on the docket, and that's what the court order says. Well, I was actually adding up the months, and maybe you can help me on that. Sure, I can do that. I've done it many times. Sure, so it'll be easier because you've done it. But after the denial, until the class was granted in rough terms, was about 8 months. Is that right? The first class certification motion was denied in June of 2011. It was granted on the second class certification in February of 2012. Right. Sounds like 8 months. So around more or less 8 months.  Then it's granted. Then it's reversed. It goes to the Ninth Circuit, and it gets reversed. And vacated. And the stay was lifted in August 2013, and then class certification was granted. End of September 2013. It was granted in December. Sorry, December of 2013. But there was a period where the stay was lifted, and then a motion was filed. So the motion was then filed, and so you're kind of within the year, aren't you? No, we don't think we are, Your Honor. Tell me why not. I'm just trying to understand that. Because it ran. I mean, first of all, we do believe it is. Backtrack two seconds. I neglected to ask for three minutes on rebuttal. Okay, I'll try to help you out on that. Okay, thank you. But going back, we don't think we are within the one year, because we do believe this actually is a statute of repose in the first place, which means it runs. But in the second place, I don't think that it stopped running. After the first denial, the fact that there was a subsequent class certification that was then vacated and renders it a nullity, I don't think that that means that it stops running again. Why not? For that period. If it's rendered a nullity, then I don't think it has any effect, Your Honor. And if you count, we counted. If we counted, we actually did this counting at one point. If you count, there's 231 days between June 24, 2011, and February 10, 2012, which was the date of the first time that class cert was granted. That's our eight months, Marla. That's your eight months. There's 135 days between July 24, when the Ninth Circuit reversed, and December 6, 2013, when the court entered class certification order, now on appeal. That actually adds up to 366 days. I know, but it also depends on whether you count when the class cert was granted, which you don't have any control over. It could be still pending in the district court, in some district courts, and so isn't it when they refile for class certification? I don't think it is, Your Honor, because it's already been denied once. It was stripped of its class action character at that point. I don't think it's appropriate to consider it a class action until or unless a court actually rules at some point that it is. Is there a Ninth Circuit opinion on point that would help us? Well, the Immigrant Assistance Project actually does help us because it said that when class certification is denied, that starts the time period running again, and by later on entering a class certification order, you can't resurrect a time-barred claim. The case that's really actually very close to this one is Calderon 2 from the Fifth Circuit. That case was a case where a bunch of them, I think they were farm workers, brought suit for breach of their employment contracts. Class certification was denied. That went up on appeal. I think it was to the Fifth Circuit. The Fifth Circuit affirmed but invited the district court to reconsider. The district court did reconsider and this time around granted certification, but when it went up on subsequent appeal, the Fifth Circuit said that because the claims of the putative class members were time-barred because the putative class members hadn't acted between the time of class certification denial and the running of the two-year period of limitation before the class was certified the next time. Would that conflict with Yang against Odom from the Third Circuit? I'm sorry, which one? Yang versus Odom. I don't believe it would, Your Honor. I think Yang versus Odom helped the class here. It might, but it is definitely in the distinct minority, Your Honor. Well, we in the Ninth Circuit are used to that. Yes, Your Honor, but I do think you have to follow Toste and I do think you have to follow the cases that say that there really has to be a bright line rule when class certification is denied. There's three good reasons, at least three good reasons for that. Here's my problem. A couple of questions. Sure. So would your argument be exactly the same if the order had included the magic words, without prejudice? Your Honor, I think it would still be the same because it's still a denial. You'd still be here arguing. Yes. And so would your argument be the same if, as most judges on the East Coast would have done, I can assure you, district judges, those judges would have said something along the lines of, Counsel, you haven't given me enough here to decide this class certification motion. So I'm going to reopen class discovery and I want briefing on this, this, and this, and I'm going to have a hearing in 90 days and decide this motion. Isn't that exactly what the judge did here today in this case? Your Honor, I do think that's different. What's different about it? I do think it's different when the court says the motion is denied. Well, it's denied because he doesn't have enough information on two prongs of the rule 23B3. He denies 23B3 certification. Because he needs more information, which is essentially what you said. Which is essentially what you said. I understand the argument, Your Honor. I just disagree when it's actually denied. I think there has to be a bright-line rule because otherwise people are out there saying, well, do we have to act or not? Because at this point the time has passed. I mean, if we take your original theory, a year is up by the time the class gets denied initially. So there's nothing to be done. It's like out of luck. I don't see how changing the notice issue isn't there because it expired the month before, right? That would be our argument under the statute of pros, correct, Your Honor. But if it's viewed as a statute of limitations. Have you given us anything that under Kuwait law that they distinguish between statute of repose and statute of limitations? No, Your Honor. I'm not aware of anything under Kuwait law that says one way or the other. Okay. All they say is you have to bring it within a year or you can't bring it at all. And part of the statute of repose is to give some protection to certain classes, like in the products liability or whatever. But here it is clear from Kuwaiti law, isn't it, that this employment law is really to be construed or it's on behalf of the employee. These laws were not created to protect the employer, correct? Well, Your Honor, I think you could say it both ways. It's a time bar. That protects the employer as well as the employee. But the intent of the law, at least what's been given to us, and we'll have to do further research, is that it was to protect the employee, correct? Well, the intent of labor laws, I think, is to govern the relationship between employers and employees. So you're saying, no, that wasn't the intent, that's not what's in the record? I don't believe that is, Your Honor. I believe the rule is simply what it is, that an employee has one year to bring a claim. File your claim with the ministry to start your action. There are good reasons for that bright line rule, Your Honor. First of all, the usual rule is that litigation is brought by and on behalf of individuals. There shouldn't be any reason for people to get a better shot simply because there was a class action. The second is that once class certification is denied, the putative class representatives no longer have any fiduciary obligation to the putative class members. They don't have any objective, reasonable basis to believe that anything further is going to happen. That's what the Second Circuit said and the Eleventh Circuit said. And the third reason is that, as this Court has recognized, that American Pipe and Crown Court represent a balancing of the interests between plaintiffs and defendants. Do you want to reserve your remaining time? I do, Your Honor. Thank you. May it please the Court, Counsel. I'm Dan Williams on behalf of plaintiffs and the certified class. Excuse me. I guess it's tempting sometimes to talk about bright line rules that we can just apply inflexibly and make our lives simpler. But I think it's already clear from the discussion this morning, there's denials and there's denials. But isn't there a case law that basically said that in the case of class rulings that there's not denials and there's denials? There's denials or grants, but there's no provisional sort of denial. There is case law to that effect, but I don't think it's in the context like we face today, where we have a denial that's not really a denial based on the invalidity of a class. The judge clearly wanted more information from us to say, okay, you guys got to tell me what law is going to apply here and whether common issues really do predominate and where the class mechanism is superior. And by the way, I'm sorry to interrupt, but as I recall, there was no hearing before the original order, was there? There was not. There was not. So you never had the opportunity to hear what was on the judge's mind. That's correct, Your Honor. But you could have asked the judge, we assume the class or my clients assume that this denial is without prejudice? We could have. Based on our reading, it was very, very clear the judge was saying, I need further information from you. I need further briefing, which is exactly what we did. But it is correct. We did not have an opportunity to have the thinking, the benefit of the thinking of the district court as he was considering our original motion. As a former district judge, I have to ask you this. I hate to use your time, but to what extent in your practice are the six-month reports at play here? I mean, was there? I know this district judge. He's a fantastic judge, of course. We all know that. But to what extent are judges driven to close out motions by either denying or granting them so that on September 30th and March 30th, you don't have to think about certain things? Obviously, I can only speak from my own experience. My experience is it varies quite a lot. Some judges are – Well, I don't think that is in play here because you file in March, he rules in June. The six-month times, he's in between the two, and he isn't even at six months, right? That's right. But it's always in play, right? Well, I – I mean, careful judges want motions off their docket. Absolutely, and especially those with busy calendars. Sure. And so it's completely understandable. But that's part of our problem with defendants' argument here, is that the vagaries of calendars and decision-making and magic words shouldn't be determinative of whether a class can go forward or not. It just doesn't seem like what Rule 23 is all about. And I think the district court got it right, frankly. Setting aside statute of repose versus statute of limitations and whether there was a waiver or not, the district court said really what we're talking about is Rule 23 and whether to aggregate these claims. And it's a Rule 23 analysis. And as an American court with American workers working for an American company, Rule 23 simply allows me to aggregate these claims and not require everybody to file separate claims and clog up the docket even further. And so whether he used the magic words without prejudice or whether he didn't, I just can't imagine a sensible legal system that says that's determinative. Except a few circuits have seemed to say exactly that. Well, some circuits go down the wrong path occasionally. But I do think there was reference earlier to Yang versus Odom in the Third Circuit. I just think the reasoning makes more sense. And, in fact, this court in the Albano case, when it asked the Arizona Supreme Court to help it out on Arizona law, did an excellent job talking about the Tenth Circuit case of Joseph versus Wiles. And it just simply makes more sense to us, at least. Obviously it's self-serving, but it still makes more sense to us that whether it's a statute of limitation or a statute of repose, the class action mechanism simply allows cases to be aggregated. And the tolling applies, and it doesn't defeat the alleged benefit of a statute of repose simply by allowing the class action mechanism to function. Well, the counsel for ITT says even if your argument is accepted that far, that it's like a statute of limitations, therefore you have tolling that, oops, you missed it. Has that ever been . . . The case was never determined in that manner by the district court, correct? Correct. So, if we agreed to you up to a point, do you think we would need to remand it so that there actually could be a determination as to what was or wasn't told? I don't believe so, because I think the facts are clear. There's nothing that the district court needs to decide further. I think it's just the legal analysis we bring to the posture of procedure in the case. That doesn't make any sense to me, what you just said. Okay. Maybe you could translate that. Well, I can't think of, and maybe I'm missing something, but I can't think of anything the district court would determine that it is capable of determining better than this court that would help in that analysis. On this question of repose versus limitations, in your research did you come across any American jurisdiction that had a statute of repose as brief as one year? I have not. And usually what we see, at least in American situations, we see a statute of limitations at some period, then a longer statute of repose where defendants get to say, okay, I don't have to worry about things anymore. I'd be very surprised, and maybe counsel for RTT can enlighten us, but I'd be very surprised if there's any such animal anywhere in America of one year statute of repose. Your Honor, that's one reason why we say in the briefing it's a dangerous thing sometimes to import foreign laws and then apply American thinking to them because it's a different animal. And there's no suggestion anywhere in the record that Kuwait recognizes a distinction between repose and limitations. I think in ITT's briefing to the Ninth Circuit, the reasonableness factor of the one year was pegged to statute of limitations, and there wasn't any argument that the one year would be reasonable as to a statute of repose. Is there anywhere else in the briefing that we're going to find the type of time limits that are generally seen in U.S. statutes of repose? I don't believe so, Your Honor. But I guess the main point is that, again, under Rule 23, it seems that what we're talking about is whether we insist that everybody file their own separate actions or whether for a period where class certification is being reviewed as to whether it is valid, during that time period shouldn't there be tolling while that's all under consideration? And I think it's important to go back to the beginning of our discussion that at no time did Judge Kuhnauer say something like, no, your motion is deficient because there's something wrong with your class representative, for instance. Although we pointed out in the briefing cases where even then tolling continues when they substitute an alternative class representative. We don't even have that situation here. We simply have the situation where the judge asked us for more legal analysis, more law, and nothing changed in the makeup of the class, the class representative, or the other criteria under Rule 23. And so to us, we believe there was tolling, and maybe this goes back to the earlier point, we believe there was tolling from the moment the case was filed all the way through the ultimate class certification order that's on interlocutory appeal now. It just makes a whole lot more sense to us in class action practice. On the question of waiver, I just want to touch on one point. I don't think it's sufficient when you're relying on a statute of repose to say in your answer, well, you have a failure to state a claim. Otherwise, failure to state a claim would encompass every kind of affirmative defense you have. And so it's really a question of notice. I don't see how we were put on notice that ITT was going to rely on an alleged statute of repose simply when they say it's an affirmative defense that you failed to state a claim. So I do think Judge Kuhnauer is on to something, and that we in the class had no notice until the first appeal to this court that ITT would take the position that this was a statute of repose and there would be no tolling. And so I think that aspect of Judge Kuhnauer's analysis is correct and is an alternative basis that this court should consider. I'm satisfied with my argument, unless the court has further questions of me. Thank you. I think I just have three very quick points, Your Honors. First of all, it's Armstrong v. Martin Marietta, where the court basically said a denial is a denial, whether it's later reversed, whether it's later reinstated. It's a denial, and it's really unworkable to have it say a denial is not really a denial. You have to sort of parse it and figure out whether it really is a denial. Two, a denial is always without prejudice, in effect, in class certification cases because the court can always revisit it. So there's no magic words here, whether the judge said without prejudice or not. That, in effect, was without prejudice, but that doesn't mean that there wasn't the effect of starting the clock running again with the denial. That's the critical point. The third point is plaintiffs chose Kuwaiti law. They put in the whole labor code when they filed their first class certification motion. We filed a declaration from a Kuwaiti lawyer pointing out the one-year time bar in response to the first class certification motion, and they've been on notice. We pointed out statute of limitations in our answer. Right, but what is your response to the notion that the statute of repose only came about when you filed your appellate brief? That we actually specifically characterized it? Right. That is true, Your Honor. We characterized it as a statute of repose, I believe, when we first filed our appellate brief, but they have been on notice from the very beginning that we were relying on  It doesn't say on its face whether it is statute of limitations or statute of repose. I believe it's a legal determination as to what it is. Quick question. Yes, Your Honor. When you calculated, I can't remember if it was 368 or so days. 366 days. 366 days. Does that include the time of the initial appeal to the Ninth Circuit? That, what we counted was the time. We gave them the benefit of the time between the first class certification order until the Ninth Circuit reversed it. So we carved that period out. The answer is it's not included. It's not included. Okay, thank you. Yes, Your Honor. And when Judge Kunar chose Washington law, at that time you were arguing that the Kuwaiti statute applied. Yes, Your Honor. Statute of limitations. Well, the Kuwaiti statute of limitations applied. Correct. All right. Thank you. It's a very interesting procedural morass. And the case of Lee v. ITT is submitted. We thank you both for your arguments.
judges: Hawkins, McKeown, Davis